NOSSAMAN LLP
CARL L. BLUMENSTEIN (SBN 124158)
cblumenstein@nossaman.com
ELIZABETH KEY (SBN 323544)
ekey@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone: 916.442.8888
Facsimile: 916.442.0382

Attorneys for Defendants DARFON AMERICA CORP., a California corporation; DARFON ELECTRONICS CORPORATION, a Taiwan company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. SHIPMAN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> DARFON AMERICA CORP., A CALIFORNIA CORPORATION; DARFON ELECTRONICS CORPORATION, A TAIWAN COMPANY, and does 1 through 25, inclusive, <br><br> Defendants. | Case No: 3:21-CV-8816 <br><br> (Santa Clara Superior Court Case No. 21-CV-386802) <br><br> **DEFENDANT DARFON ELECTRONIC'S NOTICE OF REMOVAL OF CIVIL ACTION** |

- 1 -
NOTICE OF REMOVAL
60117380.v1

Pursuant to 28 U.S.C. §§ 1332(a), 1332(c), 1441, and 1446, Defendant Darfon Electronics Corporation ("Darfon Electronics"), a Taiwanese company, hereby timely and properly removes the lawsuit captioned *Michael A. Shipman v. Darfon America Corp., et al.*, Case No. 21CV386802, from the Superior Court of California, County of Santa Clara to the United States District Court for the Northern District of California for all further proceedings while reserving any and all defenses thereto. As grounds for removal, Darfon Electronics states as follows:

1. On August 2, 2021, Plaintiff Michael A. Shipman ("Shipman") filed a lawsuit against Darfon Electronics and Darfon America Corporation ("Darfon America") in the Superior Court of California, County of Santa Clara, captioned *Michael A. Shipman v. Darfon America Corp., et al.* ("Complaint"), and assigned Case Number 21CV386802 (the "State Court Action"). A copy of all pleadings, process, and orders filed in the State Court Action, including an index reflecting such, are attached hereto as **Exhibit 1**.[1]

2. Plaintiff served Darfon Electronics with the summons and Complaint on October 14, 2021. *See id.* (Summons).

3. In 2012, Darfon Electronics and Plaintiff entered into an Illuminated Notebook Keyboard Agreement ("Agreement") whereby Plaintiff granted Darfon Electronics a non-exclusive right to manufacture, use, or sell products utilizing Plaintiff's patented notebook computer with backlight keyboard technology subject to certain terms and conditions. *See generally* **Exhibit 1**. The crux of the Complaint's sole cause of action is that Darfon Electronics and Darfon America breached that Agreement when they allegedly failed to pay required royalty payments in 2020 and continuing thereafter. *See id.*

4. This Court has subject matter jurisdiction over the lawsuit brought by Plaintiff against Darfon Electronics and Darfon America pursuant to 28 U.S.C. § 1332(a) (i.e., traditional

---

[1] While Plaintiff filed the Complaint conditionally under seal, Plaintiff violated the terms of the Agreement by failing to redact certain confidential terms. Darfon Electronics thus attaches a redacted version of the Complaint that preserves the privileged nature of such information until the parties are able to resolve this issue.

diversity jurisdiction).  As further set forth below, complete diversity exists between Plaintiff and the only properly joined defendant, Darfon Electronics.

      5.      According to the allegations in the Complaint, Plaintiff has resided in the State of California at all times relevant to this litigation.  *See* **Exhibit 1** (Cmpl., ¶ 1).  On information and belief, Plaintiff is, and at all times relevant hereto has been, a citizen of the State of California.

      6.      Darfon Electronics is and at all relevant times has been a corporation organized and existing under the laws of the Republic of China (i.e., Taiwan) and has its principal place of business in Taiwan.  *See* **Exhibit 1** (Cmpl., ¶ 2).

      7.      While Darfon America is and at all relevant times has been an entity incorporated under the laws of California with a principal place of business in Mountain View, California, it is a sham defendant whose citizenship must be disregarded for purposes of jurisdiction.  *See* **Exhibit 1** (Cmpl., ¶ 2).  "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Company*, 139 F. 3d, 1313, 1318 (9th Cir. 1998).  "Fraudulent joinder," a term of art, does not require, nor must Darfon Electronics prove, that Plaintiff or his counsel has committed any overt fraudulent act.  Instead, "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

      8.      Plaintiff cannot state a claim against Darfon America because Darfon America was not and is not a party to the subject agreement.  Under well-established California law, a contract cannot impose obligations upon a person who is a stranger to the contract.  *See, e.g.*, *Ponti v. Burastero*, 12 Cal. App. 2d 846, 857 (1952) (separate agreement by third parties could not affect City's rights under separate garbage collection contract because "the city was a stranger to, and is not bound by, said contract, which gave said individuals no rights, that could control city action"); *Pacific Indem. Co. v. Industrial Accid. Com.*, 136 Cal. App. 158, 161-162 (1932) (transfer of business ownership to non-contracting third party could not "extend the scope of the contract nor impose its terms upon a stranger to its execution.").  It follows that a breach of contract claim can only be asserted against a party to the contract.

9. Darfon America is neither a signatory nor an obligated party to the subject patent license agreement between Plaintiff and Darfon Electronics—i.e., the basis of Plaintiff's sole cause of action for breach of contract.  According to the settled California law, because Darfon America is not a party to the Agreement, it does not have any obligations under it.  Darfon America therefore cannot be liable for breaching any terms imposed by the Agreement, and Plaintiff cannot state a claim against Darfon America as a matter of law.

10. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy must exceed $75,000, exclusive of interest and costs, in order for the Court to have diversity jurisdiction over Plaintiff's lawsuit.  Here, the amount in controversy requirement is satisfied given the magnitude of Plaintiff's claims.

11. Where, as here, the Complaint does not demand a specific sum, "the notice of removal may assert the amount in controversy."  28 U.S.C. § 1446(c)(2)(A).  The "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation."  *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Indeed, the notice of removal "need not contain [any] evidentiary submissions." *Id.* at 84.

12.  Here, Darfon Electronics denies that it is liable to Plaintiff in any way.  Nevertheless, given that Plaintiff's complaint, on information and belief, seeks nearly two years' of royalty payments when each of Darfon Electronics' historical quarterly payments exceeded the jurisdictional minimum, the requisite jurisdictional amount is satisfied.

13. This Notice of Removal is timely, as it is filed within 30 days of the date on which Darfon Electronics received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based, and within one year of the commencement of the State Court Action.  *See* 28 U.S.C. § 1446(b)(1), (c)(1).

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 84(a), 1391, and 1446.

15. Written notice of the filing of this Notice of Removal is being given to Plaintiff, and a copy is being filed concurrently in the State Court Action.

Dated:  November 12, 2021
NOSSAMAN LLP
CARL L. BLUMENSTEIN
ELIZABETH KEY

By: _____/s/ Blumenstein_____
Carl L. Blumenstein

Attorneys for Defendants DARFON AMERICA CORP., a California corporation; DARFON ELECTRONICS CORPORATION, a Taiwan company