UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHIPMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>DARFON ELECTRONICS CORP., and DARFON AMERICA CORP.,<br><br>    Defendants. | Case No. 21-cv-08816 NC<br><br>**ORDER REMANDING CASE BACK TO SANTA CLARA COUNTY SUPERIOR COURT**<br><br>Re: ECF 9 |

This is a patent license dispute originally filed in Santa Clara County Superior Court and removed to this federal court by defendants Darfon Electronics Corp., a Taiwanese company, and Darfon America Corp., a California company. Presented to the Court is plaintiff Michael Shipman's motion to remand the case back to state court due to lack of federal subject matter jurisdiction. ECF 9. The central dispute in the motion to remand is whether Darfon America was "fraudulently joined" in the case to defeat jurisdiction.

A defendant sued in state court may remove the action to federal court if the action could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). Removal is generally based on the existence of either federal question jurisdiction or diversity jurisdiction. Federal question jurisdiction exists where the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity

jurisdiction exists where the amount in controversy exceeds $75,000 and the case is between citizens of different states, or citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a). A defendant seeking removal must file in the appropriate United States district court a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders" thus far served upon the defendant in the action. 28 U.S.C. § 1446.

If at any time after removal it appears that removal was improper because of a lack of subject matter jurisdiction, the case must be remanded back to state court. 28 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," so "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This strong presumption against removal jurisdiction means that the defendant always has the burden of proving that removal is proper. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus*, 980 F.2d at 566. Whether removal was proper is determined primarily on the basis of the pleadings at the time of removal. *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).

Furthermore, a civil action removable on the basis of diversity "may not be removed" if any of the defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b)(2).

Here, defendants admit that Darfon America Corp. is a California citizen for purposes of the diversity analysis. ECF 1 at ¶ 7. Plaintiff Shipman is also a resident of California. Therefore, diversity jurisdiction is not satisfied unless an exception for fraudulent joinder of Darfon America Corp. is established by defendants.

"[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Company*, 139 F.3d, 1313, 1318 (9th Cir. 1998). "Fraudulent joinder," a term of art, does not require defendants to show that Shipman or his counsel committed fraud. Rather, "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder

2

of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

In this case, I find that defendants have not established that Darfon America Corp. was "fraudulently joined" for purposes of diversity jurisdiction. I reviewed the complaint, removal notice, remand briefs, and motion to dismiss briefs, and find it more than possible that Shipman would be able to state a claim under California law against Darfon America Corp. under either an alter ego or single enterprise theory. Because "fraudulent joinder" is not shown, and diversity jurisdiction is lacking, the motion to remand is GRANTED. The Clerk of Court is directed to return this case to the Santa Clara County Superior Court. The January 26, 2022, CMC is vacated; the motion to dismiss at ECF 6 is terminated without a decision on the merits. The federal case file will be administratively closed.

**IT IS SO ORDERED.**

Dated: January 21, 2022

NATHANAEL M. COUSINS
United States Magistrate Judge